BIGGER *v.* ALLEN.

*(Nashville,* December Term, 1950.)

Opinion filed July 27, 1951.

G. E. WHITE, of Lewisburg, for plaintiff in error.

ROY H. BEELER, Attorney General, THOMAS H. GOODMAN, Assistant Attorney General, and CHARLES T. HOUSTON, of Nashville, for defendant in error.

Mr. Justice Gailor delivered the opinion of the Court.

This is an appeal by E. G. Bigger, from the action of the Circuit Judge in sustaining a plea in abatement filed by M. O. Allen, Commissioner, to a petition for certiorari filed under Code, Secs. 5694-5695, in the Circuit Court of Marshall County.

Under statutes for the prevention and investigation of fires, Code, Sec. 5677 et seq., it was necessary for Bigger to have electric wiring approved in a new house he was building near Lewisburg, before he could secure electric current. A Deputy Fire Marshal inspected the electric wiring in the new building, found it defective, and denied the application. Under Code, Secs. 255.70 and 5693, Bigger's attorney then wrote the Commissioner of Insurance and Banking: "By reference to Code, Sec. 5693 it appears decisions should be made by the Commissioner if an appeal by certiorari is anticipated. I trust you will advise through letter the decision of the Department and certify a copy of the decision to the writer in order that certiorari may be filed."

After some conversation by telephone between the Commissioner and Bigger's attorney, the Commissioner finally replied June 9, 1950, as follows: "This letter may be considered a final disposition of the case, based upon the material before me. With kindest regards."

After the receipt of this letter, petition for certiorari was filed in the Circuit Court under Code, Secs. 5694-

5695, and the Commissioner met the petition with a plea in abatement, the gist of which is that the filing of the petition for certiorari was premature since the statutory remedy of appeal prescribed by Code, Sec. 5693 had not been exhausted. The Circuit Judge sustained the plea in abatement, and this appeal resulted.

The legislative intent as to the form of appeal under Code, Sec. 5693, is not material to the issues raised by the facts of the present case. After the Commissioner notified Bigger's attorney, "This letter may be considered a final disposition of the case, based upon the material before me," any further appeal to the Commissioner would have been an idle gesture and a useless thing, since he had already decided the case against Bigger. After Bigger had filed his petition for certiorari in the Circuit Court, he was entitled to a hearing on the merits under the provisions of Section 5694: "it shall be the duty of such court to hear the same on the first convenient day, and to make such order in the premises as right and justice may require . . ."

For the reasons stated, we think the action of the Circuit Judge in sustaining the plea in abatement was erroneous, and accordingly, the judgment is reversed and the case remanded to the Circuit Court for further proceedings in accord with this opinion. Nothing in this opinion is to be taken as deciding that the action of the Deputy Fire Marshal and the Commissioner in denying the application of Bigger, was erroneous, because there is no evidence to sustain such a holding in the record before us. We now decide only that Bigger is entitled to a hearing on the merits in the Circuit Court.

All concur.