ARNOLD TOURS, INC., ET AL. *v.* CAMP ET AL.

No. 602.   Decided November 23, 1970

PER CURIAM.

Petitioners are 42 independent travel agents doing business in Massachusetts.  They ask for declaratory and injunctive relief against the Comptroller of the Currency and the South Shore National Bank.  They seek to invalidate a ruling by the Comptroller that, incidental to their banking services, national banks may provide travel services for their customers.[1]  Petitioners allege that as a result they have lost substantial business and profits and stand to lose even greater business in the future.  They contend the Comptroller exceeded his authority when he authorized national banks to provide travel services.

---

[1] Paragraph 7475 of the Comptroller's Manual for National Banks provides: "Incident to those powers vested in them under 12 U. S. C. 24, national banks may provide travel services for their customers and receive compensation therefor.  Such services may include the sale of trip insurance and the rental of automobiles, as agent for a local rental service.  In connection therewith, national banks may advertise, develop, and extend such travel services for the purpose of attracting customers to the bank."

The District Court dismissed the complaint for lack of standing and the Court of Appeals affirmed. 408 F. 2d 1147 (CA1 1969). Following our decisions last Term in *Association of Data Processing Service Organizations, Inc.* v. *Camp,* 397 U. S. 150, and *Barlow* v. *Collins,* 397 U. S. 159, we vacated and remanded the case for reconsideration (397 U. S. 315) and the Court of Appeals reaffirmed its previous decision.

Here, as in *Data Processing,* we are concerned with § 4 of the Bank Service Corporation Act, 76 Stat. 1132, 12 U. S. C. § 1864.[2] In *Data Processing* we did not rely on any legislative history showing that Congress desired to protect data processors alone from competition.[3] Moreover, we noted a growing trend "toward enlargement of the class of people who may protest administrative action." 397 U. S., at 154. We held that § 4 "arguably brings a competitor within the zone of interests protected by it." *Id.,* at 156. Nothing in the opinion limited § 4 to protecting only competitors in the data-processing field. When national banks begin to provide travel services for their customers, they compete with travel agents no less than they compete with data processors when they provide data-processing services to their customers.[4]

---

[2] "No bank service corporation may engage in any activity other than the performance of bank services for banks."

[3] The only legislative history of the Bank Service Corporation Act mentioned in the opinion was that § 4 was a " 'response to the fears expressed by a few senators, that without such a prohibition, the bill would have enabled "banks to engage in a nonbanking activity," S. Rep. No. 2105 [87th Cong., 2d Sess., 7–12] (Supplemental views of Senators Proxmire, Douglas, and Neuberger), and thus constitute "a serious exception to the accepted public policy which strictly limits banks to banking." (Supplemental views of Senators Muskie and Clark).' " 397 U. S., at 155.

[4] The final question under *Data Processing,* whether judicial review of the administrative decision has been precluded, was specifically resolved against the Comptroller in that case. 397 U. S., at 157.

Accordingly the writ of certiorari is granted, the judgment is reversed, and the case is remanded for proceedings consistent with this opinion.

*Reversed and remanded.*

THE CHIEF JUSTICE and MR. JUSTICE HARLAN would set the case for argument.