Hillsborough,
No. 6263.

LAWRENCE E. OLSON, SR.

*v.*

TOWN OF LITCHFIELD & *a.*

July 24, 1972.

*Smith, Welts & Currier* (*Mr. Philip R. Currier* orally) for the plaintiff.

*Leo R. Lesieur,* by brief and orally, for the defendants.

GRIFFITH, J. Laws 1970, 70:2 purports to legalize the votes and proceedings "including but not limited to any votes relative to the nonexpansion of mobile home parks," at the special town meeting of June 5, 1965. The plaintiff here challenges the efficacy of that act to validate the amendments to the Litchfield zoning ordinances voted at the special town meeting of June 5, 1965. His petition for declaratory judgment and mandamus was transferred without ruling by *Flynn,* J. upon an agreed statement of facts.

The purpose of the June 1965 amendment was to restrict the issuance of permits for the operation, maintenance or expansion of mobile home or trailer parks by first requiring an applicant to secure a favorable vote on issuance from a majority of voters present and voting at a town meeting. It provided that approval by the voters would confer jurisdiction upon the building inspector to pass on the merits of the application. Plaintiff received a permit to operate a trailer

park in 1959 and was denied permission to expand ten years later on the basis of the 1965 amendment. Plaintiff brought this petition to challenge the validity of the 1965 amendment.

The town concedes that in the enactment of the amendment the notice requirements of RSA 31:60-89 then in force were not complied with and relies on the curative legislation for the continuing validity of the amendment.

The declaratory judgment procedure is a proper and accepted method to attack the validity of a zoning ordinance. 2 Rathkopf, The Law of Zoning and Planning, ch. 35 (1962); *Vlahos Realty Co., Inc.* v. *Little Boar's Head Dist.*, 101 N.H. 460, 146 A.2d 257 (1958); *Flanders Lumber & Bldg. Supply Co.* v. *Milton*, 128 Vt. 38, 258 A.2d 804 (1969). This is especially true where, as here, the question is one peculiarly suited to judicial rather than administrative treatment and no other adequate remedy is available to plaintiff. Under these circumstances the rule of exhaustion of administrative remedies is inapplicable. 22 Am. Jur. 2d Declaratory Judgments *s.* 29, at 877.

The case of *Calawa* v. *Town of Litchfield* decided today determines the issue in this case. Laws 1970, 70:2, did not validate the amendment to the Litchfield zoning ordinance voted at the June 5, 1965 special town meeting and the plaintiff is entitled to proceed as though it had not been enacted.

*Remanded.*

All concurred.

ON REHEARING. After the foregoing was filed, the defendants' motion for rehearing was granted.

*Leo R. Lesieur,* by brief and orally, for the defendants.

*Smith, Welts & Currier (Mr. Philip R. Currier* orally) for the plaintiff.

*Richard F. Upton,* by brief, and *Martin L. Gross,* orally, for

New Hampshire Municipal Association, amicus curiae, in support of the motion.

*Former result affirmed.*

All concurred.

November 3, 1972.