State Bank Commissioner
No. 6540

NEW HAMPSHIRE BANKERS ASSOCIATION

v.

JAMES W. NELSON, BANK COMMISSIONER

March 29, 1973

*Craig & Wenners (Mr. William H. Craig* and *Mr. Vincent A. Wenners, Jr.,* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *Edward A. Haffer,* attorney *(Mr. Haffer* orally), for the defendant.

GRIMES, J. The New Hampshire Bankers Association has filed an appeal under RSA ch. 541 or in the alternative a petition for writ of certiorari from the State bank commissioner's action regarding the issuance of "Negotiable Orders of Withdrawal" by the New Hampshire Savings Bank of Concord. The bank commissioner has filed a motion to dismiss both proceedings in this court.

The parties agree to the following set of facts solely for the purpose of considering the motion to dismiss. The New Hampshire Savings Bank of Concord began issuing in September of 1972 certain accounts called "Negotiable Orders

of Withdrawal" or N.O.W. accounts. The plaintiff, New Hampshire Bankers Association, representing the class of all commercial banks in New Hampshire, immediately protested such issuance to the bank commissioner on the grounds that "such activity is beyond the scope of the New Hampshire Savings Bank". The plaintiff further requested a hearing before the bank commissioner and a restraining order on this type of service pending the bank commissioner's determination of the issue. The bank commissioner after investigating the facts and law pertaining to the issuance of the N.O.W. accounts replied to plaintiff by letter dated October 26, 1972, in which he denied plaintiff a hearing as unnecessary to an investigation and as "without precedent" and stated that after his investigation he "determined that the activity of New Hampshire Savings Bank in offering negotiable orders of withdrawal does not constitute a violation of the New Hampshire Banking Statutes."

The plaintiff contends that this letter constitutes an erroneous decision by the commissioner subject to judicial review under RSA 384:1-a (Supp. 1972) and RSA ch. 541 or in the alternative provides grounds for a petition for writ of certiorari. The commissioner contends that the association does not have standing to contest the issuance of N.O.W. accounts; that he had no duty to conduct a hearing or issue a decision on plaintiff's complaint; that his letter to the plaintiff does not constitute a decision of legal consequence; and that if the letter is of legal consequence, it should be reviewed only under a petition for writ of certiorari which this court should deny in its discretion.

The defendant supports his lack-of-standing contention by arguing adoption of the federal bipartite standing test wherein the complainant must allege not only that he suffered "injury in fact" but also that "the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute . . . ." *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 153, 25 L. Ed. 2d 184, 188, 90 S. Ct. 827, 830 (1970) [hereinafter cited as *Data Processing*]; Davis, Administrative Law Treatise § 22.00-1 (1970 Supp.).

The second part of this test has been severely criticized by those favoring the single injury-in-fact test that has been adopted by most State courts. *Id.* § 22.00-3. We hold that the legislature has indicated a preference for the single "injury in fact" test in appeals under RSA ch. 541. RSA 541:3 provides: "Within twenty days after any order or decision has been made by the commission, *any party to the action or proceeding before the commission or any person directly affected thereby,* may apply for a rehearing in respect to any matter determined in the action or proceeding, or covered or included in the order . . . ." (Emphasis added). RSA 541:8 likewise states, "Any person or corporation *whose rights may be directly affected* by said appeal may appear and become a party . . . ." (Emphasis added).

Plaintiff was a party before the commissioner and is a person directly affected by his ruling. There is no question but that plaintiff will suffer an "injury in fact" since the offering of N.O.W. accounts will allow savings banks to compete with the checking accounts of commercial banks. *Data Processing supra; Arnold Tours, Inc. v. Camp,* 400 U.S. 45, 27 L. Ed. 2d 179, 91 S. Ct. 158 (1970). This is sufficient to give plaintiff standing to appeal from the commissioner's action under RSA ch. 541 as provided by RSA 384:1-a (Supp. 1972).

Cases such as *Clapp v. Jaffrey,* 97 N.H. 456, 91 A.2d 464 (1952), and *N.H. Board & c. v. Company,* 90 N.H. 368, 9 A.2d 513 (1939), do not require a different result since here we are determining only the question of standing and not the merits of plaintiff's claims.

We have no concern that if this plaintiff is allowed to proceed the controversy will suffer from any lack of adverseness which may be essential to its proper resolution. *See Baker v. Carr,* 369 U.S. 186, 7 L. Ed. 2d 663, 82 S. Ct. 691 (1962), and *Sierra Club v. Morton,* 405 U.S. 727, 31 L. Ed. 2d 636, 92 S. Ct. 1361 (1972).

The commissioner contends that his letter to the plaintiff constitutes merely a gratuitous, informal response to plaintiff's inquiries rather than an official administrative "decision, order or ruling" reviewable under RSA 384:1-a (Supp. 1972).

The label the commissioner places on this letter is not determinative of the letter's actual or purported substantive effect. *Columbia Broadcasting System, Inc. v. United States,* 316 U.S. 407, 86 L. Ed. 1563, 62 S. Ct. 1194 (1942). Informal letters have been considered appealable agency decisions when they have constituted a final administrative disposition of the issue. *Pearce Hosp. Foundation v. Illinois Pub. Aid Comm'n,* 15 Ill. 2d 301, 154 N.E.2d 691 (1958).

The crux of the matter is the practical impact of the commissioner's letter. The letter denied plaintiff a hearing, not as a mere procedural or interlocutory action, but finally foreclosed any further administrative proceeding on a motion for rehearing under RSA 541:3. The letter indicated that it was the agency's final words on the matter, thereby making it useless for the plaintiff to continue before the commissioner and leaving the courts as his only recourse. *See Houk v. Beckley,* 161 Neb. 143, 72 N.W.2d 664 (1955); *Bigger v. Allen,* 192 Tenn. 426, 241 S.W.2d 516 (1951).

The letter also stated that the New Hampshire banking statutes are not violated by savings banks' issuance of N.O.W. accounts. This administrative determination involved a question of statutory construction which is peculiarly suited to judicial review (*see Londonderry v. Faucher,* 112 N.H. 454, 299 A.2d 581 (1972)) and has an immediate and direct impact on the checking account business of commercial banks. *See Abbott Laboratories v. Gardner,* 387 U.S. 136, 18 L. Ed. 2d 681, 87 S. Ct. 1507 (1967).

The commissioner argues that he had no duty to consider the plaintiff's complaint or to issue a "decision, order or ruling" with respect to the complaint. However, the commissioner's letter of October 26, 1972, states that "as a part of my duties as Bank Commissioner" he investigated the facts and law relative to the offering of N.O.W. accounts by the New Hampshire Savings Bank, and that on the basis of that investigation determined that there was no violation of the banking statutes.

Given the legal questions involved, the obvious finality of the administrative action, and the impact the letter has both

on the plaintiff's right to administrative proceedings and on plaintiff's business interest, we hold the informal letter to be a reviewable decision under RSA ch. 541. *See* RSA 384:1-a (Supp. 1972); *Davis, supra* §§ 21.00, 21.08.

After oral argument Jacqueline A. Hamilton has asked to be made an additional party on the grounds that she is a depositor in the Concord Savings Bank. The motion fails to allege any injury in fact and it is therefore denied.

We of course express no opinion on the merits but merely rule that the motion to dismiss be denied. At oral argument it was suggested that these and other parties who may be permitted to intervene could agree to the facts necessary to a decision on the merits. The commissioner made no findings and we do not have the benefit of the record of his investigation. Whether the matter is ripe for our review will depend upon whether the parties are able to agree on the essential facts. *See Davis, supra* § 21.02.

Since we hold that plaintiff has a right to appeal under RSA ch. 541 the petition for writ of certiorari is dismissed.

*Motion to dismiss appeal under RSA ch. 541 denied.*

All concurred.