Sullivan
No. 79-394

RICHARD TOTTY & a.

v.

GRANTHAM PLANNING BOARD
AND
TOWN OF GRANTHAM

May 22, 1980

*Laurence F. Gardner*, of Hanover, by brief and orally, for the plaintiffs.

*Decato & Cirone*, of Lebanon (*R. Peter Decato* orally), for the defendants.

*McSwiney, Jones & Semple*, of New London (*F. Graham McSwiney* orally), for the intervenors.

PER CURIAM.    In the fall of 1978 the intervenors, Emil and Tony Hanslin, applied to the Grantham Planning Board for approval of an 89-lot subdivision of a 746-acre parcel with lots ranging from five to twenty-five acres. In February 1979, the board granted conditional approval of the preliminary layout. Thereafter, the plaintiffs, owners of land adjoining the proposed subdivision, filed a petition in the superior court for Sullivan County pursuant to RSA 36:34 (Supp. 1979) claiming that the conditional approval was invalid because two of the five members of the planning board were abutters and therefore disqualified to vote. The Hanslins intervened and moved to quash on the grounds, *inter alia*, that the conditional approval was not a decision by which plaintiffs could be "aggrieved" under RSA 36:34 (Supp. 1979) because no substantive rights were created thereby. The Trial Court (*Johnson*, J.) granted the intervenors' motion on March 6, 1979, and plaintiffs appealed. Thereafter, on May 11, 1979, the planning board granted final approval to the developer from which the plaintiffs have not appealed.

We are of the opinion that the trial court was correct in ruling that the conditional approval was not a "decision of the planning board" subject to review under RSA 36:34 (Supp. 1979). Conditional approval does not constitute a final order nor does it create any substantive rights. Section 5.03 of the Grantham ordinance expressly states that conditional approval does not constitute approval of the final plat, does not require that the board give final approval, and does not authorize any construction or development. The plaintiffs' reliance on *Garipay v. Town of Hanover*, 116 N.H. 34, 351 A.2d 64 (1976) and *Isabelle v. Newbury*, 114 N.H. 399, 321 A.2d 570 (1974) is misplaced. In those cases, conditional approval was denied thereby foreclosing further proceedings before the board. In the context of those cases, the denial of conditional approval was a final order. In contrast, the board's grant of conditional approval, not being a final order, is

not appealable under RSA 36:34 (Supp. 1979). *Cf. New Hampshire Bankers Ass'n v. Nelson*, 113 N.H. 127, 302 A.2d 810 (1973).

Moreover, to allow review in a case such as this misapplies judicial resources. The plaintiffs' rights are adequately protected by judicial consideration after final approval. We hold that the trial court was correct in quashing the petition on that basis.

■ Because this case is now before us, however, we note the absence of any real issue. The five members of the planning board unanimously voted for both the conditional and final approval of the intervenors' subdivision. Although the plaintiffs contest the qualification of two of the board members solely because they were abutters, the remaining three were concededly qualified to vote upon the question. Their three votes were sufficient to decide the matter, and since there is no indication in the record before us that participation by the other two members determined the outcome, the action of the board was valid. *Michael v. City of Rochester*, 119 N.H. 734, 407 A.2d 819 (1979); *Alton v. Fisher*, 114 N.H. 359, 320 A.2d 653 (1974); *Levesque v. Hudson*, 106 N.H. 470, 214 A.2d 553 (1965).

■ To preclude further litigation of this issue, however, we hold that ownership of land abutting a proposed subdivision by a planning board member presents a conflict of interest and requires that the member be disqualified from voting thereon. The legislature has recognized the substantial interest of abutters in subdivision approval proceedings by requiring that all abutters receive notice and an opportunity to participate in a hearing before the board. RSA 36:23. Abutters are in effect made necessary parties to the proceedings thereby. In our opinion, the fact of being an abutter is sufficient to disqualify a board member from voting without a showing of actual prejudice. The facts of this case do not require that we overrule *Atherton v. City of Concord*, 109 N.H. 164, 245 A.2d 387 (1968) in its entirety, but to the extent that it is inconsistent with this opinion, it is overruled.

*Appeal dismissed.*