Rockingham
No. 2005-867

PROPERTY PORTFOLIO GROUP, LLC

v.

TOWN OF DERRY *& a.*

Argued: October 18, 2006
Opinion Issued: December 21, 2006

*Griffith & Associates, PLLC,* of Wilton (*John P. Griffith* on the brief and orally), for the petitioner.

*Boutin & Altieri, P.L.L.C.,* of Londonderry (*Edmund J. Boutin* on the brief and orally), for respondent Town of Derry.

*Brennan Caron Lenehan & Iacopino,* of Manchester (*Ronald J. Caron* and *Jaye L. Rancourt* on the brief, and *Ms. Rancourt* orally), for respondent Hall Business Restorations, LLC.

DALIANIS, J. The petitioner, Property Portfolio Group, LLC (PPG), appeals a decision of the Trial Court (*Morrill,* J.) granting respondent Town of Derry's motion to dismiss PPG's petition for declaratory judgment. We affirm.

The record supports the following: Respondent Hall Business Restorations, LLC (Hall) sought a site plan determination from respondent Town of Derry Planning Board to convert a former fire station

into a dining facility. PPG is an abutter with notice of the proceedings. At a May 18, 2005 public hearing, the planning board approved the site plan as follows:

> Mr. Ochs moved to waive formal site plan review pursuant to LDCR—Article IX, Section 170-51—Site Plan Determination for the application submitted by Hall Business Renovations, LLC to convert Station One to a restaurant, at parcel ID 29195, W Broadway subject to the following conditions:

> > 1. Provide landscape buffer details for the Central Street residential uses.

This action was taken pursuant to Town of Derry Land Development Control Regulation (LDCR) Article IX, Section 170-51 (D) (2005). Under the applicable regulations, an applicant has two choices: apply for "site plan determination" or for "site plan review." Applications for "site plan determination" are governed by Article IX, Section 170-51. This regulation requires the submission of an application and "a duly noticed public hearing." If the application is successful, site plan determination is granted. If the application is denied, the applicant may then submit an application for site plan review. See RSA 676:4, III (Supp. 2006).

Applications for "site plan review" are governed by Sections 170-52 through 170-54. Site plan review is a more rigorous process, which includes three distinct phases of detailed review. See RSA 676:4, I, II (Supp. 2006). Section 170-52 governs a "[c]onceptual consultation phase" at which "informal consultation" between the applicant and the planning board occurs before an application is filed. See RSA 676:4, II(a). Section 170-53 outlines a "[d]esign review phase," an optional but "strongly recommended" step "particularly in cases of developments of significant size or complexity." See RSA 676:4, II(b). In this stage, the planning board discusses the design with the applicant as well as other parties whose interests may be affected by the proposed project. After these discussions, the planning board may communicate to the applicant any specific changes which would serve as a prerequisite to the approval of the final site plan. Section 170-54 is the "[f]inal application phase" which entails a review for application completeness, a vote to accept jurisdiction over the application and a public hearing and approval or disapproval of the final application. See RSA 676:4, I.

Under these regulations, site plan determination is the more expedited of the two procedures. Site plan review, by virtue of its many procedural steps, is a more rigorous review process.

Five months after the planning board approved Hall's application for site plan determination, PPG filed its petition in superior court, seeking temporary and permanent restraining orders and declaratory judgment against the respondents. The town filed a motion to dismiss, which the trial court granted on the basis that PPG's claims were an untimely attempt to appeal the decision of the planning board.

■ When a trial court's review of a planning board decision is appealed, we will uphold the decision unless it is not supported by the evidence or is legally erroneous. *DHB v. Town of Pembroke*, 152 N.H. 314, 319 (2005). In determining whether a decision is supported by the evidence, we look to whether a reasonable person could have reached the same decision as the trial court based upon the evidence before it. *Id.* at 319-20.

The issues in this case involve statutory construction. We are the final arbiter of the legislature's intent as expressed in the words of the statute as a whole. *Id* at 317. We ascribe to statutory words and phrases their usual and common meaning, unless the statute itself suggests otherwise. *Id.*

■ New Hampshire law requires strict compliance with statutory time requirements for appeals of planning board decisions to the superior court. *Route 12 Books & Video v. Town of Troy*, 149 N.H. 569, 575 (2003). This is because statutory compliance is a necessary prerequisite to establishing jurisdiction in the superior court. *Id.* RSA 677:15, I (Supp. 2006) provides the jurisdictional deadline for superior court review of a planning board decision. *Id.* It requires that a person "aggrieved by any decision of the planning board" present a petition to the superior court "within 30 days after the date upon which the board voted to approve or disapprove the application." RSA 677:15, I.

■ Here, because PPG filed its appeal five months after the planning board approved Hall's application for site plan determination, its appeal was untimely under RSA 677:15, I, and, thus, the trial court did not err when it ruled that it lacked jurisdiction to decide the appeal. *See Route 12 Books & Video*, 149 N.H. at 576.

PPG argues that the thirty-day appeal period set forth in RSA 677:15, I, does not apply for three reasons: First, PPG argues that the planning board's May 2005 decision was not a final decision because the planning board had no application before it, and because, to the extent that it granted approval, it did so subject to a condition precedent, which PPG asserts, has not yet been fulfilled. Second, PPG argues that the trial court had jurisdiction to decide its appeal under RSA 676:4, IV (Supp. 2006). Third, PPG contends that the trial court should have permitted its

declaratory judgment action, even though it was filed outside of the thirty-day appeal period in RSA 677:15, I.

## I. *The Decision of the Planning Board*

PPG first argues that the thirty-day time limit in RSA 677:15, I, for appealing decisions of planning boards does not apply because there was no decision to appeal. PPG claims that: (1) the planning board had no application before it; and (2) even if there were a pending application, the planning board's approval was not a final decision because there was a condition precedent attached to it, namely, the submission of a landscaping plan. The respondents counter that the proposal was an application and the condition was a condition subsequent, which would not negate the finality and appealability of the site plan determination.

We first address PPG's challenge to the application, then its argument that the conditional approval of the application precluded a final decision.

### A. *Application*

To support its claim that there was no application and, therefore, no decision, PPG cites *DHB*, 152 N.H. at 317, in which a landowner sought to appeal the decision of a planning board not to accept an application. There, we held that the decision not to accept the application was not a decision under RSA 677:15, I, because the trigger for the thirty-day appeal period is the approval or disapproval of an application. *DHB*, 152 N.H. at 318; *see* RSA 676:4, I(c)(1). PPG attempts to analogize, arguing that, "[T]he planning board did not vote to approve the application, it voted to waive formal site plan review.... A vote to waive formal site plan review is no more a vote to approve than a vote not to accept an application for review is a vote to disapprove."

PPG's reliance upon *DHB* is misplaced because *DHB* concerned site plan review pursuant to RSA 676:4, I, II and not the site plan determination process referred to in 676:4, III, which specifically authorizes the expedited procedure used by the town. RSA 676:4, III provides in pertinent part:

> A planning board may, by adopting regulations, provide for an expedited review and approval for proposals involving minor subdivisions which create not more than 3 lots for building development purposes or for proposals which do not involve creation of lots for building development purposes.

The record demonstrates that Hall submitted an application for site plan determination on applicable planning board forms. Hall's application was filed pursuant to LDCR Article IX, Section 170-51, C, which provides that

applicants "seeking a site plan determination ... shall submit a duly executed site plan determination application on forms provided by the Planning Department, together with any exhibits or fees required as part of the same." Though the official form was submitted after the fact, the record shows that the proposal submitted before the hearing, which was sufficiently publicized to abutters and the public, functioned as an application. The proposal came in response to the town's request for proposals and met the requirements of that request.

█ In making this determination, we bear in mind that the statute governing procedural challenges expressly commands that "[t]he planning board's procedures shall not be subjected to strict scrutiny for technical compliance. Procedural defects shall result in the reversal of a planning board's actions by judicial action only when such defects create serious impairment of opportunity for notice and participation." RSA 676:4, IV (Supp. 2006). By approving the application for site plan determination and, therefore, waiving site plan review, the planning board followed the expedited procedure for site plan determination set forth in the applicable regulations.

Having found the proposal to be an application upon which a valid final decision could be made and appealed, we consider PPG's next argument that that decision was not final and appealable under RSA 677:15, I, because there was a condition precedent attached to it.

### B. Conditional Approval

PPG refers to our ruling in *Totty v. Grantham Planning Board*, 120 N.H. 388 (1980), *overruled in part on other grounds by Winslow v. Holderness Planning Board*, 125 N.H. 268, 269 (1984), which held that intervening parties who owned land adjoining that of an applicant could not appeal a board's grant of conditional approval of an applicant's proposal because the decision did not constitute final approval and, therefore, was not appealable.

█ Following *Totty*, we clarified the difference between conditions precedent to approval and conditions subsequent to approval and we described their effect upon the finality and appealability of a planning board decision. *See Sklar Realty v. Town of Merrimack*, 125 N.H. 321, 327 (1984). We noted that conditions precedent, such as those in *Totty*, contemplate additional action on the part of the town and, thus, cannot constitute final approval. Conditions subsequent, on the other hand, do not delay approval. *Id.* The "condition" for approval in this case was not required to be fulfilled before any renovation commenced, and, thus, was a condition subsequent, not a condition precedent.

Within the context of the site plan determination process, what Hall received from the planning board was an approval. Had the planning board intended that Hall go through the rigors of site plan review, it would have denied Hall's application for site plan determination. However, having approved the proposal with conditions, the planning board issued a final decision that was appealable to the superior court under RSA 677:15, I.

## II. Jurisdiction Under RSA 676:4, IV

PPG argues that the trial court had jurisdiction to review procedural aspects of planning board decisions under RSA 676:4, IV. It presented a list of alleged procedural errors for the trial court to review. The respondents argue that actions under RSA 676:4, IV are limited to the thirty-day window for appeal specified in RSA 677:15, I; therefore, PPG's procedural challenge was untimely and was "an unavailing attempt to circumvent the time requirements of . . . RSA 677:15."

RSA 676:4 governs the procedures planning boards must use when considering or acting upon a plat or application. PPG's reliance upon RSA 676:4, IV is misplaced as that provision does not address the process by which one may appeal a planning board decision. RSA 676:4, IV must be read in conjunction with RSA 677:15 (Supp. 2006), which describes that process and requires that such appeal be brought within thirty days of the planning board's decision.

## III. Declaratory Judgment Action Under RSA 491:22

PPG's final argument is that the trial court should have allowed its declaratory judgment action, even if it were untimely because PPG filed it outside of the thirty-day appeal period provided in RSA 677:15, I. *See Blue Jay Realty Trust v. City of Franklin*, 132 N.H. 502 (1989); *Morgenstern v. Town of Rye*, 147 N.H. 558, 561 (2002).

We have held that a plaintiff "who chooses to initiate a declaratory judgment action to challenge the validity of a zoning ordinance may do so after the expiration of the [applicable statutory] appeal period." *Morgenstern*, 147 N.H. at 561; *see Blue Jay Realty Trust*, 132 N.H. at 509. In *Blue Jay Realty Trust*, we explained that this was an exception to the usual requirement that administrative remedies be exhausted. We noted that, generally, "[w]hen the issue in an appeal involves a question of law rather than a question of the exercise of administrative discretion, administrative remedies need not always be exhausted." *Blue Jay Realty Trust*, 132 N.H. at 509 (quotation omitted). Similarly, in *Olsen v. Litchfield*, 112 N.H. 261, 262 (1972), we explained that it is proper to permit the use of the declaratory judgment procedure to challenge the

validity of a zoning ordinance, even if the challenge is outside the applicable time period, "where ... the question is one peculiarly suited to judicial rather than administrative treatment and no other adequate remedy is available to plaintiff. Under these circumstances the rule of exhaustion of administrative remedies is inapplicable."

■ We have not, however, expanded this line of cases to challenges to planning board decisions. Indeed in *Town of Auburn v. McEvoy*, 131 N.H. 383, 385 (1988), decided before we decided *Blue Jay Realty Trust*, we held that a constitutional challenge to a planning board decision was not exempt from the thirty-day appeal period in RSA 677:15, I.

■ Even if we assume, without deciding, that one may challenge a planning board decision outside of the thirty-day appeal period in RSA 677:15, I, PPG's action would still be prohibited. PPG's challenge to the planning board's decision did not raise a question of law, but rather contested the planning board's exercise of administrative discretion. Therefore, the thirty-day appeal period applied.

For all the above reasons we hold that the trial court did not err when it granted the motion to dismiss for lack of jurisdiction. PPG's motion to remand to the trial court for findings on whether the condition was a condition precedent or a condition subsequent is, thus, denied. In the absence of specific findings, a trial court is presumed to have made all findings necessary to support its ruling. *Bell v. Liberty Mut. Ins. Co.*, 146 N.H. 190, 196 (2001). In this case, the trial court necessarily found the condition to be a condition subsequent when it granted the motion to dismiss.

*Affirmed.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.