Strafford
No. 2009-259

COLLDEN CORPORATION

v.

TOWN OF WOLFEBORO

Argued: November 4, 2009
Opinion Issued: February 19, 2010

*Orr & Reno, P.A.*, of Concord (*Michael D. Ramsdell* on the brief and orally), for the petitioner.

*Mitchell Municipal Group, P.A.*, of Laconia (*Judith E. Whitelaw* on the brief and orally), for the respondent.

DUGGAN, J. The petitioner, Collden Corporation (Collden), appeals an order of the Superior Court (*Brown*, J.) dismissing its declaratory judgment claims following a decision of the Town of Wolfeboro Planning Board. We affirm.

The following facts appear in the trial court's order. On July 29, 1993, the respondent, Town of Wolfeboro (town), approved Collden's subdivision plan, provided that Collden complied with certain conditions, one of which was to complete all improvements on the subdivision within six years. The subdivision was to be completed in several phases. In return, the town agreed to exempt the subdivision from changes to its regulations. The town later agreed to extend the deadline by which Collden had to complete improvements to 2000.

Collden completed phase one in July 2000. In 2000 and 2003, the town amended its zoning regulations. On May 20, 2004, Collden sent a letter to the town engineer and town planner indicating its "intent to begin construction on the remaining subdivision phases." At the June 14, 2004 planning board meeting, the board determined that its approval for the subdivision had expired. Following the 2004 decision, Collden and the town were unable to come to an agreement permitting continued construction of the subdivision.

Over three years later, in December 2007, Collden filed a declaratory judgment action in superior court, *see* RSA 491:22 (1997), seeking a declaration that it had a vested right to build the subdivision, or, alternatively, that the town was barred under the doctrine of municipal estoppel from prohibiting Collden from completing the subdivision. The town moved to dismiss and for summary judgment, arguing that, pursuant to RSA 677:15, I, the court lacked jurisdiction over Collden's claims.

On February 11, 2009, the court granted the town's motion to dismiss. The court reasoned that it lacked "subject matter jurisdiction to hear the case" under RSA 677:15, I, because Collden did not appeal the 2004 planning board decision within thirty days.

The court rejected Collden's municipal estoppel claim, finding that the estoppel claim was essentially "an appeal of the planning board's decision that Collden's rights to complete [the subdivision] have expired." The court reasoned that Collden could seek review of the 2004 decision by submitting a new application to the planning board, and "therefore decline[d] to address the municipal estoppel claim because Collden may seek relief in a

fashion that will allow the planning board to review an application describing Collden's plans before Collden may seek review [before the court]." The court noted:

There is nothing before the court that would suggest that any of the actions Wolfeboro took after 2000 with regard to [the subdivision] pertained to anything other than phase one, which was substantially completed before the rights expired under the agreement, and which the planning board agreed could continue to be finished and sold.

The court denied Collden's motion to reconsider, and this appeal followed.

Collden argues that the court erroneously dismissed its claims. Collden contends that the thirty-day appeal requirement of RSA 677:15, I, does not apply to its claims because that statute governs only approvals or disapprovals of plat or subdivision applications. Collden attempts to distinguish its estoppel claim from its claim that it has a vested right to complete its subdivision, and contends that the town's conduct affected all five phases of the project.

The town counters that: (1) the trial court correctly ruled that it lacked subject matter jurisdiction because Collden failed to comply with RSA 677:15, I; (2) we should not create an exception to the time requirements of RSA 677:15, I; and (3) even if we find that RSA 677:15, I, does not apply to Collden's claims, they were untimely under RSA 508:4.

*I. Applicability of RSA 677:15, I*

We first consider whether RSA 677:15, I, applies to Collden's claims. "In reviewing a motion to dismiss," we consider "whether the allegations are reasonably susceptible of a construction that would permit recovery." *Mikell v. Sch. Admin. Unit #33*, 158 N.H. 723, 727 (2009). "We assume the [petitioner]'s pleadings to be true and construe all reasonable inferences in the light most favorable to [the petitioner]." *Id.* We then test the facts in the petition "against the applicable law." *Id.*

■ RSA 677:15, I (2008) provides:

Any persons aggrieved by any decision of the planning board concerning a plat or subdivision may present to the superior court a petition, duly verified, setting forth that such decision is illegal or unreasonable in whole or in part and specifying the grounds upon which the same is claimed to be illegal or unreasonable. Such petition shall be presented to the court within 30 days after the

date upon which the board voted to approve or disapprove the application; provided however, that if the petitioner shows that the minutes of the meeting at which such vote was taken, including the written decision, were not filed within 144 hours of the vote pursuant to RSA 676:3, II, the petitioner shall have the right to amend the petition within 30 days after the date on which the written decision was actually filed. This paragraph shall not apply to planning board decisions appealable to the board of adjustment pursuant to RSA 676:5, III. The 30-day time period shall be counted in calendar days beginning with the date following the date upon which the planning board voted to approve or disapprove the application, in accordance with RSA 21:35.

RSA 677:15, I, "provides the jurisdictional deadline for superior court review of a planning board decision." *Prop. Portfolio Group v. Town of Derry*, 154 N.H. 610, 613 (2006). "New Hampshire law requires strict compliance with statutory time requirements for appeals of planning board decisions to the superior court . . . because statutory compliance is a necessary prerequisite to establishing jurisdiction [there]." *Id.* (citation omitted).

When construing a statute, "we first examine the language found in the statute and where possible, we ascribe the plain and ordinary meanings to words used." *Appeal of Garrison Place*, 159 N.H. 539, 542 (2009) (brackets and quotation omitted). "When a statute's language is plain and unambiguous, we need not look beyond [it] for further indications of legislative intent." *Id.* (quotation omitted). "Courts can neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include." *Appeal of Astro Spectacular*, 138 N.H. 298, 300 (1994) (quotation omitted). "Additionally, we do not consider words and phrases in isolation, but within the context of the statute as a whole," so that we may "better discern the legislature's intent and . . . interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme." *General Insulation Co. v. Eckman Construction*, 159 N.H. 601, 606 (2010); *see Residents Defending Their Homes v. Lone Pine Hunter's Club*, 155 N.H. 486, 488 (2007) ("We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result." (quotation omitted)).

Relying upon *DHB v. Town of Pembroke*, 152 N.H. 314, 318 (2005), Collden highlights the language "voted to approve or disapprove the application" in RSA 677:15, I, contending that the statute is inapplicable because the planning board had already approved its application in 1993. The town, also relying upon *DHB*, 152 N.H. at 318, and *Totty v. Grantham*

*Planning Board*, 120 N.H. 388, 389 (1980), contends that RSA 677:15, I, applies because the planning board had already accepted Collden's application, and the 2004 decision was a final decision. The town concedes that we have not yet considered "whether an application continues to be before the planning board after approval such that the planning board's decision regarding whether conditions subsequent are met is a decision regarding the approval or disapproval of an application within the scope of RSA 677:15, I."

■ We conclude that Collden's argument is inconsistent with the plain language of RSA 677:15, I, and our case law, and hold that the planning board's 2004 decision was a final decision subject to the time restrictions of RSA 677:15, I. *See DHB*, 152 N.H. at 318; *Prop. Portfolio*, 154 N.H. at 613. There is no indication from the plain language of RSA 677:15, I, that the legislature intended to exempt all planning board decisions, save those approving or disapproving applications, from the thirty-day appeal requirement of RSA 677:15, I. As planning boards make a variety of decisions, it would make little sense to exempt the 2004 planning board decision in this instance from RSA 677:15, I. *See, e.g.*, RSA 676:4-a (2008) (planning board's authority to revoke prior subdivision approval); RSA 674:36, III (planning board's authority to require applicant to provide security under certain circumstances). Indeed, the first sentence of RSA 677:15, I, provides that anyone "aggrieved by *any decision* of the planning board concerning a plat or subdivision" may appeal to the superior court. (Emphasis added.) Moreover, in *DHB*, we held that RSA 677:15, I, did not apply because the planning board had not approved or disapproved the application at issue, and determined that a planning board decision that forecloses further proceedings before the planning board was a final decision "entitl[ing] [the petitioner] to review." *DHB*, 152 N.H. at 319; *see also Town of Auburn v. McEvoy*, 131 N.H. 383, 387-88 (1988) (holding that constitutional objections to property dispositions were subject to time limitations of RSA 677:15, I, under prior version of statute).

■■ Our determination that the 2004 decision triggered the thirty-day appeal requirement of RSA 677:15, I, is consistent with the purpose of the statute. RSA 677:15 provides for deference to the decisions of local land use bodies, finality for those whose interests are affected by such decisions, and speedy appeals to the superior court. *See* RSA 677:15, IV (requiring court to "give any hearing under this section priority on the court calendar"); *McNamara v. Hersh*, 157 N.H. 72, 74 (2008) (policy behind administrative exhaustion requirement "based on the reasonable policies of encouraging the exercise of administrative expertise, preserving agency autonomy and promoting judicial efficiency"); *K & J Assoc. v. City of Lebanon*, 142 N.H.

331, 336 (1997) (*Horton, J.*, dissenting) (noting that town citizens "are entitled to finality in planning board matters"). We note that Collden first obtained subdivision approval nearly seventeen years ago. Collden's interpretation of the statute would impede finality for those whose interests are affected by planning board decisions. Given that we construe statutes in a manner to "effectuate [their] overall purpose and avoid an absurd or unjust result," we decline to interpret RSA 677:15, I, in the manner that Collden suggests. *Residents Defending Their Homes*, 155 N.H. at 488.

*II. Municipal Estoppel*

Next, Collden argues that the court erroneously dismissed its municipal estoppel claim. Collden contends that RSA 677:15, I, does not apply to its estoppel claim, and maintains that the estoppel claim is sufficiently different from its claim that it has a vested right to complete the subdivision, as it is more complex than a "mere challenge[] to the planning board's exercise of administrative discretion." Collden relies on our exemption for certain challenges to the validity of zoning ordinances from analogous restrictions in the zoning board appeals context. *See, e.g., Cardinal Dev. Corp. v. Town of Winchester Zoning Bd. of Adjustment*, 157 N.H. 710 (2008). The town counters that the municipal estoppel claim is subject to the time limitations of RSA 677:15, I, and that Collden has failed to demonstrate why we should adopt an exception to the statute in the planning board appeals context.

As noted above, RSA 677:15, I, "provides the jurisdictional deadline for superior court review of a planning board decision," and our law "requires strict compliance" with that deadline. *Prop. Portfolio*, 154 N.H. at 613. "We have held that a plaintiff who chooses to initiate a declaratory judgment action to challenge the validity of a zoning ordinance may do so after the expiration of the applicable statutory appeal period." *Id.* at 616 (quotation and brackets omitted) (citing *Blue Jay Realty Trust v. City of Franklin*, 132 N.H. 502, 509 (1989)). This is because " 'when the issue in an appeal involves a question of law rather than a question of the exercise of administrative discretion, administrative remedies need not always be exhausted.' " *Id.* (brackets omitted) (quoting *Blue Jay Realty Trust*, 132 N.H. at 509); *see also Olson v. Litchfield*, 112 N.H. 261, 262 (1972) (declining to apply rule requiring exhaustion of administrative remedies "where . . . the question is one particularly suited to judicial rather than administrative treatment and no other adequate remedy is available to plaintiff"). However, we have never expanded this line of cases to challenges to planning board decisions. *Prop. Portfolio*, 154 N.H. at 617; *see McEvoy*, 131 N.H. at 385 (holding that constitutional challenge to planning board decision was

subject to thirty-day time limitation of RSA 677:15, I). We decline to do so here. The trial court found that Collden's municipal estoppel claim is essentially "an appeal of the planning board's decision that Collden's rights to complete [the subdivision] have expired." We agree. Accordingly, under these facts, to permit Collden to bring its estoppel claim over three years after the planning board's decision would circumvent the purposes of RSA 677:15, I, as outlined above. Given this result, we need not address the parties' remaining arguments.

*Affirmed.*

BRODERICK, C.J., and DALIANIS and HICKS, JJ., concurred.