**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0126, <u>Lorin D. Mulligan, Trustee of the Lorin D. Mulligan 2011 Revocable Trust v. Town of Henniker & a.</u>, the court on November 28, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Lorin D. Mulligan, trustee of the Lorin D. Mulligan 2011 Revocable Trust, appeals the order of the Superior Court (<u>McNamara</u>, J.) denying her request for attorney's fees in this inverse condemnation case based upon its finding that the defendant, the Town of Henniker and its water department, Cogswell Spring Waterworks (town), did not act in bad faith. The plaintiff argues that the trial court erred because: (1) a finding of bad faith is not required for an award of attorney's fees in inverse condemnation cases; and (2) the town's defenses "were not plausible, reasonable or anywhere near the dividing line between constitutional and unconstitutional action."

We will not overturn the trial court's decision concerning attorney's fees absent an unsustainable exercise of discretion. <u>Frost v. Comm'r, N.H. Banking Dep't</u>, 163 N.H. 365, 377 (2012). To warrant reversal, the discretion must have been exercised for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the objecting party. <u>Id</u>. We afford "tremendous deference" to the trial court's decision regarding attorney's fees. <u>Id</u>. (quotation omitted). If there is some support in the record for the trial court's determination, we will uphold it. <u>Id</u>.

"A prevailing party may be awarded attorney's fees when that recovery is authorized by statute, an agreement between the parties, or an established judicial exception to the general rule that precludes recovery of such fees." <u>Tulley v. Sheldon</u>, 159 N.H. 269, 272 (2009) (quotation omitted). "As to judicially-created exceptions, attorney's fees have been awarded in this State based upon two separate theories: bad faith litigation and substantial benefit." <u>Bedard v. Town of Alexandria</u>, 159 N.H. 740, 744 (2010) (quotations and ellipsis omitted).

Relying upon our decisions in <u>Burrows v. City of Keene</u>, 121 N.H. 590 (1981) and <u>Dugas v. Town of Conway</u>, 125 N.H. 175 (1984), the plaintiff argues that a finding of bad faith is not required for an award of attorney's fees in inverse condemnation cases, and that the trial court erred in denying her

request for attorney's fees by requiring a specific finding of bad faith. In Burrows and Dugas, we held that the prevailing plaintiffs were entitled to an award of attorney's fees "[b]ecause a citizen should not be compelled to bear the financial burden of judicial intervention to secure his clearly defined and established property right from an unconstitutional abuse of power found to constitute a taking." Dugas v. Town of Conway, 125 N.H. 175, 183 (1984). However, in Arcidi v. Town of Rye, 150 N.H. 694 (2004), we clarified that our holding in Burrows "did not establish a per se rule that entitles all successful plaintiffs in inverse condemnation cases to recover attorney's fees and costs." Arcidi v. Town of Rye, 150 N.H. 694, 704 (2004). In Arcidi, we noted that, in Burrows, we relied upon Harkeem v. Adams, 117 N.H. 687, 691 (1977), "which provides for attorney's fees when an individual is forced to seek judicial assistance to secure a clearly defined and established right and the opposing party has acted in bad faith." Arcidi, 150 N.H. at 704. We reversed the trial court's award of attorney's fees in Arcidi because the trial court "made no finding that the town acted in bad faith," and "the plaintiff was not seeking judicial assistance to secure a clearly defined and established right." Id. at 704-05.

In this case, the trial court noted that neither the Trial Judge (O'Neill, J.) during the bench trial phase of the case, nor the jury in the remaining phase of the case, found that the town acted in bad faith. The court also noted that neither the trial court nor the jury was requested to make a finding of bad faith, and that there is authority for the proposition that a party seeking attorney's fees based upon improper conduct must make a request before "the jury has returned a verdict and the trier of fact must be specifically requested to make a finding of bad faith as a foundation for the award." 5 G. MacDonald, New Hampshire Practice: Wiebusch on New Hampshire Civil Practice and Procedure § 52.15 (4th Ed. 2014). The trial court did not deny the plaintiff's request for attorney's fees on procedural grounds, however. Rather, it distinguished this case from Burrows and Dugas by noting that, in both of these cases, we concluded that the municipality's actions did "not come anywhere near the line dividing constitutional and unconstitutional regulation." Burrows, 121 N.H. at 600; Dugas, 125 N.H. at 183. The trial court found Arcidi to be controlling, ruling: "What is clear is that attorney's fees cannot be awarded unless the Court finds that the Town acted in bad faith. Based upon the record, the Court does not find the Town acted in bad faith."

Assuming, without deciding, that a finding of bad faith is not required for an award of attorney's fees in inverse condemnation cases, but see Arcidi, 150 N.H. at 704-05, we construe the trial court's order to mean that the court, in the exercise of its discretion, found that this was not a case in which the town's actions did "not come anywhere near the line dividing constitutional and unconstitutional regulation." Dugas, 125 N.H. at 183; see Prop. Portfolio Group v. Town of Derry, 154 N.H. 610, 617 (2006) (In the absence of specific

findings, we assume the trial court made all findings necessary to support its ruling.). The record supports such a finding. As the trial court noted, this case "involved the interpretation of an 1894 handwritten deed and application of complicated issues of law." The court also found that "the Town could reasonably and did reasonably argue that it had obtained a prescriptive right to access the water tank." Moreover, the court found that "there was an evidentiary basis for the Town's claim that it obtained the right to build a road as a matter of contract," and that the town's "position was not unreasonable."

The plaintiff argues that the town's defenses "were not plausible, reasonable or anywhere near the dividing line between constitutional and unconstitutional action." However, her argument is based largely upon disputed facts that were not found by the jury or the trial court, and she did not request the findings of fact necessary to support her argument. She also argues that the trial court "unreasonably overlook[ed] numerous facts" that warrant an award of attorney's fees. Even assuming, without deciding, that the facts she claims the court "overlooked" were undisputed, the fact that the trial court did not discuss them in its order does not imply that it did not consider them. In re Jonathan T., 148 N.H. 296, 304 (2002). Based upon this record, we cannot conclude that the court unsustainably exercised its discretion in denying her request for attorney's fees. See Frost, 163 N.H. at 377.

The plaintiff argues that "the coercive, implicit threat of eminent domain" warrants a presumption in favor of awarding attorney's fees to prevailing plaintiffs in inverse condemnation cases. She also argues that public policy favors awarding attorney's fees in inverse condemnation cases to "encourage government to stay clear of the constitutional line" and to "discourage government from compelling citizens to bear the burden of defending their private property rights against abuses." To the extent that the plaintiff is requesting a change in the law, we decline her request to make such a change.

To the extent that the plaintiff's brief contains additional arguments, we conclude that they are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and warrant no further consideration, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3