# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0439, <u>Daniel G. Busa & a. v. Town of Auburn</u>, the court on June 22, 2023, issued the following order:**

The court has reviewed the written arguments, oral arguments, and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiffs, Daniel and Marjorie Busa, appeal an order of the Superior Court (<u>St. Hilaire</u>, J.) granting the Town of Auburn's (Town) motion to dismiss the plaintiffs' petition for writ of mandamus for failing to exhaust their administrative remedies. The plaintiffs argue that the trial court erred because the Auburn Board of Selectmen (Board) failed to issue a decision on their 2021 application to unmerge their lots, and thus, they could not exhaust their administrative remedies by appealing to the Zoning Board of Adjustment (ZBA).

We conclude that the Board did in fact reach a decision that could have been appealed to the ZBA pursuant to RSA 674:39-aa, III (Supp. 2020) (amended 2021). <u>See</u> RSA 674:39-aa, III ("All decisions of the governing body may be appealed in accordance with the provisions of RSA 676."). In 2019 and 2021, the plaintiffs applied to the Board to unmerge their lots pursuant to RSA 674:39-aa. As relevant here, in its 2021 decision the Board determined that the "2019 decision was a final decision that could have, but was not, appealed by the [plaintiffs]." Consequently, the Board determined that the plaintiffs "cannot now challenge" its prior decision that the lots were voluntarily merged. It therefore concluded, "[a]s a result, this Board will not take any action on the current application by the [plaintiffs] as the issue has already been acted on in 2019."

When determining whether an agency's decision "'constitutes a final administrative disposition of the issue,'" we have previously held that "'the crux of the matter is the practical impact of . . . the action.'" <u>Appeal of Countrywide Home Loans</u>, 163 N.H. 139, 143 (2011) (brackets omitted) (quoting <u>New Hampshire Bankers Ass'n v. Nelson</u>, 113 N.H. 127, 130 (1973)). The plaintiffs attempt to distinguish <u>Appeal of Countrywide Home Loans</u> by arguing that it involved our review of an agency decision following the agency's investigation and examination of the facts; whereas here, the Board "made no such investigation or review of the 2021 Application" before issuing its decision. We have never held that whether an agency conducts an investigation or engages in fact finding prior to reaching its decision is relevant to whether an agency's action or inaction constitutes a final decision. <u>See</u> <u>id</u>. Here, our conclusion is

consistent with our holding in Appeal of Countrywide Home Loans. The Board's statement that it "will not take any action on the current application" provided its final decision denying the plaintiffs' requested relief. See id.

In addition, assuming the argument is preserved for our review, we are unpersuaded by the plaintiffs' contention that it would have been "futile" to appeal to the ZBA. As previously detailed, the Board articulated the legal grounds for its decision to deny the plaintiffs' application. Thus, even if we credit the plaintiffs' argument that the Board was bound by RSA 676:3, I (2016), the Board satisfied the statutory requirements. Moreover, nothing in the relevant statutory framework foreclosed an appeal by the plaintiffs to the ZBA to review the merits of that decision. See RSA 676:5 (2016) ("Such appeal shall be taken within a reasonable time, as provided by the rules of the board, by filing with the officer from whom the appeal is taken and with the board a notice of appeal specifying the grounds thereof." (emphasis added)).

We have frequently reiterated that a writ of mandamus will not be issued "where the remedy by appeal or error to another administrative board or tribunal has not been exhausted." Bosonetto v. Town of Richmond, 163 N.H. 736, 746 (2012) (quotation omitted). In this case, it is undisputed that the plaintiffs failed to timely appeal both decisions of the Board to the ZBA as set forth in RSA 674:39-aa, III. Consequently, they have failed to exhaust their administrative remedies and mandamus relief is not warranted under these circumstances. Id. Indeed, the plaintiffs conceded at oral argument that, if we conclude that the Board rendered a final decision in 2021, the plaintiffs cannot prevail in this appeal. In light of our conclusion, we therefore affirm the trial court's decision granting the Town's motion to dismiss and need not address the plaintiffs' remaining arguments concerning the underlying merits of the plaintiffs' applications to the Board. Finally, the plaintiffs' request for attorney's fees and costs is denied because the plaintiffs are not the "prevailing party." See Sup. Ct. R. 23.

Affirmed.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2