9th Circuit Court — Nashua District Division
No. 2014-126

### JP MORGAN CHASE BANK, NA

v.

### HEILAN GRIMES

Submitted: November 12, 2014
Opinion Issued: April 7, 2015

*Orlans Moran, PLLC,* of Waltham, Massachusetts (*David J. Rhein* on the brief), for the plaintiff.

*Gawryl, MacAllister & O'Connor,* of Nashua (*Jared O'Connor* on the brief), for the defendant.

HICKS, J. The defendant, Heilan Grimes, appeals an order of the Circuit Court (*Ryan,* J.) granting a writ of possession for property located at 54 Whitney Street in Nashua to the plaintiff, JP Morgan Chase Bank, NA. The sole issue on appeal is whether, under RSA 540:2, II(e) (Supp. 2014), a property owner's desire to market, sell and/or convey property in a vacant condition constituted "other good cause" for purposes of terminating a tenancy. We affirm.

The trial court found and the record supports the following facts. The plaintiff acquired the property in question on May 27, 2011, as the result of a foreclosure on a mortgage. The property is "restricted property" as defined in RSA 540:1-a, II (2014). On July 25, 2013, the plaintiff served the defendant with a "Notice to Quit/Evict Notice" pursuant to RSA 540:2, giving the defendant 90 days to vacate the property. In that notice, the plaintiff stated the reason for eviction as being for "other good cause," in that "the owner of the premises . . . desires to market, sell and/or convey the property in a vacant condition." The defendant disputed that "other good cause" existed for her eviction. The trial court ruled in favor of the plaintiff, finding the plaintiff's stated reason for eviction was sufficient to fall within the statutory definition of "other good cause."

On appeal, the defendant argues that the statutory language of "other good cause" is ambiguous and that prior case law, as well as legislative intent, demonstrate that good cause does not encompass the reason proffered by the plaintiff.

The issue before us is the meaning of "other good cause" under RSA 540:2, II(e). In matters of statutory interpretation, we are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. *Great Traditions Home Builders v. O'Connor,* 157 N.H. 387, 388 (2008). We first examine the language found in the statute, and, when possible, we ascribe the plain and ordinary meanings to the words used. *Id.* If the language of a statute is plain and unambiguous, we need not look beyond it for further indication of legislative intent. *Bedford Chapter-Citizens for a Sound Economy v. Sch. Admin. Unit #25,* 151 N.H. 612, 614 (2004). If a statute is ambiguous, however, we consider legislative history to aid our analysis. *State v. Whittey,* 149 N.H. 463, 467 (2003). Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme. *Id.*

RSA 540:2, entitled "Termination of Tenancy," provides, in pertinent part:

> II. The lessor or owner of restricted property may terminate any tenancy by giving to the tenant or occupant a notice in writing to quit the premises in accordance with RSA 540:3 and 5, but only for one of the following reasons:
>
> . . . .
>
> (e) Other good cause
>
> . . . .
>
> V. "Other good cause" as set forth in paragraph II(e) of this section includes, but is not limited to, any legitimate business or economic reason and need not be based on the action or inaction of the tenant, members of his family, or guests.

RSA 540:2, II(e), V.

■ Whether a desire to market or convey property in a vacant condition constitutes "other good cause" cannot be determined by merely looking to the plain language of RSA 540:2, II. *AIMCO Props. v. Dziewisz*, 152 N.H. 587 (2005). As we stated in *AIMCO*, the term "other good cause" is ambiguous on its face. *Id.* RSA 540:2, II was adopted in 1985 as part of House Bill 95. Laws 1985, 249:2. It was described as "giv[ing] . . . greater flexibility to landlords to evict tenants for any good reason and at the same time protect[ing] tenants from arbitrarily and/or ill motivated evictions." N.H.S. JOUR. 157 (1985).

The plaintiff's stated reason for eviction — a desire to "market, sell and/or convey the property in a vacant condition" — constitutes a legitimate economic reason under the circumstances of this case. Other jurisdictions have recognized that the desire of a landlord to sell restricted property free of tenants may constitute a legitimate economic reason. *See, e.g.,* 24 C.F.R. § 982.310 (2014) (stating, in section entitled "Owner termination of tenancy," " '[o]ther good cause' for termination of tenancy by the owner may include, but is not limited to . . . [a] business or economic reason for termination of the tenancy (such as sale of the property, renovation of the unit, or desire to lease the unit at a higher rental)"). We accept this rationale here because the plaintiff acquired the property by foreclosure and expressed the desire to sell the property free and clear of tenants. We note that the plaintiff states in its brief that the property was sold to a third party, a fact which the defendant does not contest. Under these circumstances, we are satisfied that the eviction was neither arbitrary nor ill-motivated. *See* N.H.S. JOUR. 157.

Notably, these facts differ from those in *AIMCO Properties v. Dziewisz*, 152 N.H. 587 (2005), upon which the defendant heavily relies. In *AIMCO* we held that the mere expiration of a lease did not constitute "other good cause," because "[r]eplacing one tenant upon the expiration of a lease with another tenant who will pay the same rent and occupy the same premises as the tenant being evicted does not . . . provide the landlord of restricted property with any economic or business advantage." *AIMCO*, 152 N.H. at 591. Here, however, the plaintiff does not seek to replace one tenant with another tenant in the same position. Instead, the plaintiff seeks to sell the property free of tenants.

In the absence of evidence of selective eviction or other acts of bad faith, we hold, under these circumstances, that the plaintiff's stated reason for eviction satisfies the statute. Accordingly, we uphold the trial court's ruling and find that evicting the defendant for the purpose of marketing, selling, or conveying the building in a vacant condition satisfies RSA 540:2, II(e).

*Affirmed.*

DALIANIS, C.J., and CONBOY, LYNN, and BASSETT, JJ., concurred.