# United States Court of Appeals
## For the First Circuit

No. 14-2164

UNITED STATES ex rel. ROBERT GADBOIS,

Plaintiff, Appellant,

STATES OF CA, CO, DE, FL, GA, HI, IL, IN, LA, MA, MI, MN, MT,
NV, NH, NM, NC, RI, TN, TX, VA, WI, ex rel. ROBERT GADBOIS,

Plaintiffs, Appellants,

STATE OF MARYLAND ex rel. ROBERT GADBOIS,

Plaintiff,

v.

PHARMERICA CORPORATION,

Defendant, Appellee,

CVS/CAREMARK CORPORATION; WALGREEN COMPANY; MEDCALL, LLC;
AND RITE AID CORPORATION,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Stahl, Circuit Judges.

Robert L. Vogel, with whom Shelley R. Slade, Vogel, Slade &
Goldstein, LLP, Amato A. DeLuca, DeLuca & Weizenbaum, Ltd., Louise

A. Herman, and <u>Law Offices of Louise A. Herman</u> were on brief, for appellants.

Jeremy M. Sternberg, with whom <u>Ralph T. Lepore, III</u>, <u>Michael R. Manthei</u>, <u>Robert M. Shaw</u>, <u>Nathaniel F. Hulme</u>, and <u>Holland & Knight LLP</u> were on brief, for appellee.

—————————————

December 16, 2015

—————————————

**SELYA**, **Circuit Judge**.  In this qui tam action, the district court dismissed the claims of the relator, Robert Gadbois, for lack of subject matter jurisdiction.  While his appeal of that order was pending, subsequent events coalesced to dissolve the jurisdictional impediment to the relator's action.  He responded to this development by broadening his appeal to include the possibility of supplementing his pleadings.  We conclude, as a matter of first impression in this court, that Federal Rule of Civil Procedure 15(d) is available to cure most kinds of defects in subject matter jurisdiction.  For prudential reasons, however, we decline to order such supplementation here but, rather, vacate the judgment below to allow the district court to consider the relator's request for supplementation under Rule 15(d).

## I.  BACKGROUND

The relator formerly worked as a pharmacist for PharMerica Corp. (PharMerica).  In November of 2010, he filed this qui tam action under seal in the District of Rhode Island.  His complaint alleged that PharMerica had committed numerous infractions related to its distribution of prescription drugs to long-term care facilities in violation of the False Claims Act (FCA), 31 U.S.C. §§ 3729-3733, and several parallel state statutes.

The relator filed an amended complaint as of right in May of 2011.  More than two years elapsed before the United States

elected not to intervene in the case. In short order, the affected states took a similar stance.

The pleadings were unsealed and, in February of 2014, the relator filed a second amended complaint with leave of court. In due course, PharMerica moved to dismiss, asserting both lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(1), (6). PharMerica contended, inter alia, that the district court lacked jurisdiction by virtue of the FCA's first-to-file bar, which provides that if an action involving the same subject matter is already pending, "no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). In support of this contention, PharMerica highlighted similarities between the relator's action and an earlier-filed action that was pending in the United States District Court for the Eastern District of Wisconsin.

The district court, addressing only PharMerica's request for dismissal under Rule 12(b)(1) and the first-to-file bar, laid the allegations contained in the relator's second amended complaint alongside the allegations contained in the Wisconsin pleadings. It concluded that the two actions were based on substantially the same facts and conduct. See United States ex rel. Gadbois v. PharMerica Corp., No. 10-471, slip op. at 22-23 (D.R.I. Oct. 3, 2014) (unpublished). Consequently, the court —

citing the first-to-file bar — dismissed the relator's FCA claim for want of subject matter jurisdiction.  See id. at 23.  It then declined to exercise supplemental jurisdiction over the relator's state-law claims and dismissed those claims as well.  See id.

The relator timely appealed.  During the course of briefing, the tectonic plates shifted.  First, the Supreme Court handed down its decision in Kellogg Brown & Root Services, Inc. v. United States ex rel. Carter, 135 S. Ct. 1970 (2015), which construed the phrase "pending action" as used in 31 U.S.C. § 3730(b)(5).  The Court held that, under the wording of the statute, "an earlier suit bars a later suit while the earlier suit remains undecided but ceases to bar that suit once it is dismissed."  Id. at 1978.  Accordingly, the dismissal of a section 3730(b)(5) claim ordinarily should be without prejudice, because the claim could be refiled once the first-filed action is no longer pending.  See id. at 1979.

Less than a month after the Court decided Carter, a second development occurred: the Wisconsin action was settled and dismissed.  By then, the relator's appeal was already partially briefed.  Positing that these two developments — the Carter decision and the dismissal of the Wisconsin action — had significantly affected his case, the relator, in his reply brief and by a separate motion to remand, sought to reformulate his complaint on the fly.  He requested, in the alternative, that we

either deem his complaint supplemented with the additional fact that the Wisconsin action was no longer pending or remand to the district court with instructions to permit him to supplement his complaint under Rule 15(d).  In an opposition to the relator's remand motion and at oral argument, PharMerica argued that neither of these alternatives was appropriate.

## II.  ANALYSIS

The peculiar posture of this case makes it advisable for us to consider the relator's procedural arguments first.  If the relator's second amended complaint is a legitimate candidate for supplementation, that would obviate any need to address the degree of similarity between that complaint and the pleadings in the Wisconsin action.  Thus, our starting point is the relator's request for relief under Rule 15(d).

Rule 15(d) affords litigants a pathway for pleading "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  The rule shares the core objective of the Civil Rules: "to make pleadings a means to achieve an orderly and fair administration of justice."  Griffin v. Cty. Sch. Bd., 377 U.S. 218, 227 (1964); see Fed. R. Civ. P. 1.  Rule 15(d) facilitates this objective by "promot[ing] as complete an adjudication of the dispute between the parties as is possible." 6A Charles Alan Wright et al., Federal Practice and Procedure § 1504, at 245 (3d ed. 2010); see LaSalvia v. United Dairymen of

Ariz., 804 F.2d 1113, 1119 (9th Cir. 1986). By the same token, the Rule helps courts and litigants to avoid pointless formality: although causes of action accruing after the institution of a lawsuit usually can be filed as separate actions, supplementation under Rule 15(d) is often a more efficient mechanism for litigating such claims. See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc., 793 F.3d 1177, 1186-87 (10th Cir. 2015). It follows that supplementation of pleadings is encouraged "when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." 6A Wright et al., Federal Practice and Procedure § 1504, at 258-59.

PharMerica acknowledges these principles but insists that they are trumped in this instance by the venerable rule that "[j]urisdiction is determined based on whether it existed at the time the plaintiff filed the original complaint." United States ex rel. Estate of Cunningham v. Millennium Labs. of Cal., Inc., 713 F.3d 662, 664 (1st Cir. 2013). Noting that we have described the first-to-file bar as jurisdictional, see, e.g., United States ex rel. Wilson v. Bristol-Myers Squibb, Inc., 750 F.3d 111, 117 (1st Cir. 2014), PharMerica suggests that the fact that the relator's claim was barred when brought prevents him from using Rule 15(d) to cure the jurisdictional defect. This suggestion is

- 7 -

bolstered, PharMerica says, by the FCA itself, which provides that no one can "bring" an action based on the same facts as those undergirding a pending action. 31 U.S.C. § 3730(b)(5).

After careful consideration, we find PharMerica's position untenable. We explain briefly.

Rule 15(d) prescribes that "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense." This sentence was added to the rule in 1963. It was designed to combat "the rigid and formalistic view that where the original complaint fails to state a claim upon which relief can be granted, leave to serve a supplemental complaint must be denied." Fed. R. Civ. P. 15(d) advisory committee's note to 1963 amendment. The new language was designed to ensure that the amended rule would "give the court broad discretion in allowing a supplemental pleading" so that plaintiffs would not be "needlessly remitted to the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief." Id.

In keeping with this spirit of flexibility, courts generally have read Rule 15(d) to include defects in subject matter jurisdiction among the deficiencies that may be corrected through a supplemental pleading. The Supreme Court has signaled its approval of this praxis. See Mathews v. Diaz, 426 U.S. 67, 75 & n.8 (1976) (recognizing that plaintiff had not satisfied "a

nonwaivable condition of jurisdiction" before filing suit, but noting that plaintiff had subsequently satisfied the condition so "[a] supplemental complaint in the District Court would have eliminated this jurisdictional issue"). The decision in Mathews plainly implies that subject matter jurisdiction falls within the cluster of defects that may be cured by a supplemental pleading under Rule 15(d).

Our sister circuits have not hesitated to make this implication explicit. See, e.g., Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329, 1337 (Fed. Cir. 2008); Franks v. Ross, 313 F.3d 184, 198 (4th Cir. 2002); see also Hertz Corp. v. Enterprise Rent-a-Car Co., 557 F. Supp. 2d 185, 191-92 (D. Mass. 2008). A few illustrations suffice to make the point. For example, the expiration of a jurisdictional waiting period can be shown through a supplemental pleading in order to salvage an otherwise premature complaint. See Feldman v. Law Enforcement Assocs. Corp., 752 F.3d 339, 345, 347-48 (4th Cir. 2014); Wilson v. Westinghouse Elec. Corp., 838 F.2d 286, 290 (8th Cir. 1988). So, too, Rule 15(d) has been viewed as an appropriate mechanism for pleading newly arising facts necessary to demonstrate standing. See Northstar Fin. Advisors, Inc. v. Schwab Invs., 779 F.3d 1036, 1044-45 (9th Cir.), cert. denied, 136 S. Ct. 240 (2015).

The weight and consistency of these authorities undermines PharMerica's attempt to elongate the reach of the

familiar rule that jurisdiction is determined by the facts existing at the time of filing an original complaint.  As we previously have explained, "[t]he letter and spirit of the [time-of-filing] rule apply most obviously in diversity cases, where the rule originated, and where heightened concerns about forum-shopping and strategic behavior offer special justifications for it."  ConnectU LLC v. Zuckerberg, 522 F.3d 82, 92 (1st Cir. 2008) (citation omitted).  In federal question cases, however, "courts have been careful not to import the time-of-filing rule indiscriminately." Id.  Where, as here, there are no allegations of manipulative abuse of the rule, the time-of-filing rule is inapposite to the federal question context.[1]  See id. at 92 & n.8.

Viewed against this backdrop, we think it manifest that the relator's case is well suited to a motion for leave to supplement.  Developments occurring after the filing of the second amended complaint — the Carter decision and the dismissal of the Wisconsin action — have dissolved the jurisdictional bar that the court below found dispositive.  Although the order of dismissal may have been proper at the time it was entered, the relator timely

_____

[1] Though we have at times referenced the time-of-filing rule in federal question cases, see, e.g., Sallen v. Corinthians Licenciamentos LTDA, 273 F.3d 14, 23 (1st Cir. 2001), those references have invariably been in dictum.  They are, therefore, without any binding effect.  See Dedham Water Co., Inc. v. Cumberland Farms Dairy, Inc., 972 F.2d 453, 459 (1st Cir. 1992).

appealed and the critical developments occurred during the pendency of that appeal. Consequently, this case is analogous to the cases in which a jurisdictional prerequisite (such as an exhaustion requirement) is satisfied only after suit is commenced. Under the circumstances, it would be a pointless formality to let the dismissal of the second amended complaint stand — and doing so would needlessly expose the relator to the vagaries of filing a new action. We hold, therefore, that the relator's second amended complaint is eligible for the proposed supplementation.[2]

This holding does not end our odyssey. Even though the relator's second amended complaint is eligible for the proposed supplementation, a question remains as to whether such supplementation should be allowed. This question comes before us in a curious posture. Typically, a motion for supplementation will be proffered in the district court, and an appellate court's role will be limited to examining whether the district court abused its discretion in granting or denying the motion. See, e.g., Schwarz v. City of Treasure Island, 544 F.3d 1201, 1211 (11th Cir. 2008); Twin Disc, Inc. v. Big Bud Tractor, Inc., 772 F.2d 1329,

---

[2] Because we conclude that a supplemental pleading can be used to cure a jurisdictional defect, we have no need to consider the relator's back-up argument that the first-to-file bar is not jurisdictional in light of Carter and the recent decision in United States ex rel. Heath v. AT&T, Inc., 791 F.3d 112, 119-21, 121 n.4 (D.C. Cir. 2015), petition for cert. filed, 84 U.S.L.W. 3179 (U.S. Sept. 21, 2015) (No. 15-363).

- 11 -

1338 (7th Cir. 1985).  Here, however, the timing of the new developments was such that the district court did not have an opportunity to pass upon a motion to supplement.

The relator requests supplementation for the first time on appeal, and he phrases his request in the alternative: he asks that we either deem his second amended complaint supplemented instanter or remand the case to the district court with instructions to permit supplementation.

We reject the relator's first alternative out of hand. Under Rule 15(d), the filing of a supplemental pleading is not available to the pleader as a matter of right but, rather, is subject to the court's discretion.  See ConnectU, 522 F.3d at 90.

That discretion should normally be exercised in the first instance by the district court, not by the court of appeals. For this reason, we reject the relator's alternative request as framed.  It would completely frustrate the district court's ability to exercise its discretion were we to remand with instructions to permit supplementation.  A remand makes sense here only if it is for the purpose of allowing the district court to exercise its discretion.

In the closely analogous circumstances of discretionary amendments under Rule 15(a), we have emphasized the desirability of allowing the district court to exercise discretion in the first instance.  See United States ex rel. Rost v. Pfizer, Inc., 507

- 12 -

F.3d 720, 733-34 (1st Cir. 2007).  Requests for supplementation under Rule 15(d) are no different.  Where, as here, the pleader is not entitled to supplementation as a matter of right and we have no firm indication as to how the district court would exercise its discretion with respect to a Rule 15(d) motion, allowing the district court to make the initial determination is the proper course.

This conclusion is reinforced by the breadth of the discretion inherent in Rule 15(d).  As written, Rule 15(d) contains no standards at all to guide the district court's analysis; it merely authorizes the district court to permit service of a supplemental pleading "on just terms."  In an effort to fill this vacuum and in keeping with the overarching flexibility of Rule 15, courts customarily have treated requests to supplement under Rule 15(d) liberally.  See, e.g., Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001).  This liberality is reminiscent of the way in which courts have treated requests to amend under Rule 15(a)'s leave "freely give[n]" standard.  See, e.g., Glatt v. Chi. Park Dist., 87 F.3d 190, 194 (7th Cir. 1996); Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995); Mueller Co. v. U.S. Pipe & Foundry Co., 351 F. Supp. 2d 1, 2 (D.N.H. 2005).

This does not mean, however, that motions for supplementation should be granted automatically.  For one thing, it is implicit in the logic of Rule 15(d) that a motion to

supplement may be denied where the referenced events occurred before the filing of the original complaint.[3]  See Eid v. Alaska Airlines, Inc., 621 F.3d 858, 874-75 (9th Cir. 2010).  For another thing, leave to supplement may be withheld when the request would "unduly delay resolution of the case."  Hall v. CIA, 437 F.3d 94, 101 (D.C. Cir. 2006); accord Schwarz, 544 F.3d at 1229; Weeks v. N.Y. State (Div. of Parole), 273 F.3d 76, 88 (2d Cir. 2001); Twin Disc, 772 F.2d at 1338.  In the last analysis, a district court faced with a Rule 15(d) motion must weigh the totality of the circumstances, just as it would under Rule 15(a).  See Palmer v. Champion Mortg., 465 F.3d 24, 30-31 (1st Cir. 2006).  Idiosyncratic factors — say, the futility of supplementation, see Haggard v. Bank of the Ozarks, Inc., 668 F.3d 196, 202 (5th Cir. 2012) (per curiam); Motorola Credit Corp. v. Uzan, 388 F.3d 39, 65 (2d Cir. 2004), prejudice to the opposing party, see Walker, 240 F.3d at 1278-79, and unreasonable delay in attempting to supplement, see Glatt, 87 F.3d at 194 — may suffice to ground a denial of a Rule 15(d) motion.  Everything depends on context.

We recognize that a district court has a hands-on familiarity with a case — a familiarity that an appellate court

---

[3] For the sake of completeness, we note that a motion to supplement that is in fact a motion to amend will ordinarily be recharacterized and addressed under the correct rubric.  See McDonald v. Hall, 579 F.2d 120, 120 n.1, 121-22 (1st Cir. 1978) (per curiam).

cannot hope to replicate. Given this special coign of vantage, it will almost always be advisable for the district court, not the court of appeals, to pass judgment in the first instance on a request for supplementation. See United States ex rel. D'Agostino v. ev3, Inc., 802 F.3d 188, 195 (1st Cir. 2015) (expressing a similar view with respect to Rule 15(a) motions). Rule 15(d)'s unique mandate that supplementation of pleadings shall only be allowed "on just terms" points us in the same direction.

Of course, vacating the judgment and remanding to the district court to allow consideration of a motion to supplement leaves the merits issues unresolved. But under the circumstances, it would be imprudent to attempt to resolve them here. After all, the case will change materially if the district court permits supplementation of the second amended complaint. Consequently, any disposition of the substantive issues raised in this appeal would run the risk of being wholly advisory — and federal courts are prohibited from rendering advisory opinions. See Hayburn's Case, 2 U.S. (2 Dall.) 409 (1792); Osediacz v. City of Cranston, 414 F.3d 136, 139 (1st Cir. 2005).

**III. CONCLUSION**

We need go no further. For the reasons elucidated above, we vacate the judgment of the district court and remand the case so that the relator may file, within such time parameters as the district court may set, a motion to supplement his second amended

complaint.  The district court shall pass upon that motion in due season and, in the event that the court denies the motion, it may reenter a judgment of dismissal.[4]  If, however, the court grants the motion for supplementation, the case will proceed in the ordinary course.

**Vacated and remanded.  No costs.**

---

[4] Although there may no longer be a barrier to the relator's suit under the first-to-file bar, PharMerica may assert any number of other defenses to the relator's proposed supplementation.  For example, PharMerica may argue that such supplementation would be futile in light of the settlement in the Wisconsin action.  See United States ex rel. Chovanec v. Apria Healthcare Grp. Inc., 606 F.3d 361, 362, 365 (7th Cir. 2010) (noting that the circumstances surrounding a lifting of the first-to-file bar may sometimes give rise to other defenses to the action).