**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0579, <u>Robert Nelson v. John Biddle & a.</u>, the court on June 29, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, John Biddle and Martha Harrelson (tenants), appeal an order of the Circuit Court (<u>Boyle</u>, J.) granting judgment in favor of the plaintiff, Robert Nelson (landlord), on an eviction action for reasons other than non-payment of rent. <u>See</u> RSA 540:2, II (Supp. 2017). They contend that the trial court erred by: (1) denying their motion for discovery; (2) finding that they failed to pay the rent; (3) finding that the expiration of the lease constituted good cause to evict them, <u>see</u> RSA 540:2, II(e), V; (4) finding, in the absence of documentary evidence, that they failed to pay condominium association fees, utility bills, late fees, and returned-check fees as required by the lease; and (5) not finding that they had "overpaid" the rent.

We first address whether the trial court erred in denying the tenants' discovery motion. We review a trial court's decisions on the management of discovery under an unsustainable exercise of discretion standard. <u>Kukesh v. Mutrie</u>, 168 N.H. 76, 80 (2015). To meet this standard, the tenants must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of their case. <u>Id</u>.

A discovery request must seek information that is relevant and reasonably calculated to lead to the discovery of admissible evidence. <u>N.H. Ball Bearings v. Jackson</u>, 158 N.H. 421, 429-30 (2009); <u>cf</u>. <u>Super. Ct. R.</u> 21(b). The trial court, therefore, has discretion to keep discovery within reasonable limits and avoid "open-ended fishing expeditions" or harassment. <u>N.H. Ball Bearings</u>, 158 N.H. at 430.

In this case, the landlord sought a writ of possession for good cause, <u>see</u> RSA 540:2, II(e), not based upon the tenants' failure to pay rent. To establish good cause, the landlord alleged that: (1) he wished to sell the property; (2) he had executed a purchase and sale agreement; (3) the tenants' lease had expired on June 30, 2016; and (4) the tenants had failed to pay certain expenses that the lease required them to pay, including condominium association fees, water bills, late fees, and returned check fees. In his objection to the tenants' motion for discovery, the landlord offered to dismiss, without prejudice, his claim that the

tenants had failed to pay these expenses. The landlord did not seek an award of unpaid rent, or other money damages. Thus, the trial court would not consider "any defense, claim, or counterclaim by the tenant which offset[ ] or reduce[d] the amount owed to the [landlord]." RSA 540:13, III (2007).

The tenants demanded 11 categories of documents. The trial court could have reasonably concluded that the tenants already possessed several of these categories of documents, such as the payments they had made to the landlord and written exchanges between them and the landlord. The trial court could have reasonably concluded that other documents sought were irrelevant, such as "copies of all ownership deeds . . . from the time [the] Tenants moved in . . . to [the] present" and "all documents and pleadings filed" in a separate action.

In addition, the tenants issued 16 interrogatories. The trial court could have reasonably concluded that some of these requested irrelevant, personal information, such as the landlord's social security number and every entity in which he had an interest, and that others requested information that the tenants already possessed, such as their payments to the landlord and the items that the lease required them to pay.

The tenants did not attempt to narrow their requests. At the hearing on the merits, they renewed their original motion, and, after hearing argument, the trial court again denied it.

The tenants do not explain how the denial of their discovery motion prejudiced their case. They argue that the trial court was compelled to grant their motion because multiple written and verbal agreements existed between them and the landlord. However, both the landlord and tenant Biddle testified that the July 2014 lease was the parties' final written agreement and that, in October 2016, the landlord had verbally agreed to reduce the monthly rent.

We conclude, upon this record, that the trial court's denial of the tenants' motion for discovery was neither unreasonable nor untenable to the prejudice of the tenants' case. See Kukesh, 168 N.H. at 80.

We next address the tenants' challenges to the trial court's findings. We will uphold the trial court's factual findings unless they are unsupported by the evidence or erroneous as a matter of law. Town of Atkinson v. Malborn Realty Trust, 164 N.H. 62, 66 (2012). The trial court was in the best position to evaluate the evidence, measure its persuasiveness, and assess the credibility of the witnesses, and we defer to its judgment on such issues. Id. at 66-67. As the fact finder, the trial court was entitled to accept or reject, in whole or in part, the testimony of any party and was not required to believe even uncontroverted evidence. Id. at 67.

2

In granting the landlord possession, the trial court found that: (1) "Tenants have failed to pay the . . . rent, late fees, [and] returned check fees"; and (2) the lease expired on June 30, 2016. To the extent that the tenants argue that the amount of the rent was unclear, the lease stated the initial rent, and both the landlord and tenant Biddle testified that the landlord had subsequently reduced the rent to $640 per month. To the extent that the tenants argue that the eviction notice did not notify them of a "non-payment of rent claim," they acknowledged in their answer that the eviction was not based upon non-payment of rent. To the extent that the tenants argue that the eviction notice did not allege that they had failed to pay the rent, the notice stated that the tenants had failed to pay condominium association dues, which the lease required them to pay. The trial court could have reasonably characterized the dues as "rent" in its finding. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (stating interpretation of trial court order is matter of law, which we review de novo).

The tenants argue that there was no documentary evidence that they failed to pay the condominium dues and other fees and that the trial court "committed reversible error believing the testimony of the [landlord]." They further argue that the landlord did not show that he had complied with the terms of the lease in presenting those bills. However, the landlord testified that he presented the bills to the tenants in accordance with the lease and that the tenants failed to pay them. The trial court was free to credit this testimony.

The tenants argue that the expiration of a lease is not good cause to evict under RSA 540:2, II(e). See AIMCO Props. v. Dziewisz, 152 N.H. 587, 590-91 (2005). However, the eviction notice stated, and the evidence supported, that the landlord wished to sell the property, which does constitute good cause. See JP Morgan Chase Bank v. Grimes, 167 N.H. 536, 538 (2015); Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004) (stating that we assume trial court made all subsidiary findings necessary to support its general finding).

The tenants argue that the trial court erred by not finding that they had overpaid their rent. They point to approximately 17 checks from tenant Harrelson to the landlord, dated over two years, and two lists of expenses due, covering three months, which appear to show them to be substantially in arrears. Neither tenant testified to the significance of these documents or explained how they established an overpayment. The tenants' attorney argued, at the hearing, that, if the trial court found that the lease rent was unreasonably high, then the tenants had "overpaid their rent." Upon this record, we conclude that the trial court was not compelled to find that the tenants had overpaid their rent.

Any remaining issues raised by the tenants in their brief are either not sufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or

3

otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**
