NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Carroll
No. 2019-0719

KRAINEWOOD SHORES ASSOCIATION, INC. & a.

v.

TOWN OF MOULTONBOROUGH & a.

Argued: September 16, 2020
Opinion Issued: March 2, 2021

Julie Connolly Law, PLLC, of Concord (Julie K. Connolly on the brief and orally), for the plaintiffs.

Drummond Woodsum & MacMahon, of Manchester (Matthew R. Serge on the joint brief and orally), for defendant Town of Moultonborough.

Stephan T. Nix, of Gilford, on the joint brief and orally, for defendant TYBX3, LLC.

HICKS, J. The plaintiffs, Krainewood Shores Association, Inc. and Black Cat Island Civic Association, appeal a Superior Court (Ignatius, J.) decision to grant the motion to dismiss filed by the defendants, Town of Moultonborough (Town) and TYBX3, LLC. On appeal, the plaintiffs argue that the trial court erred in granting the defendants' motion to dismiss for lack of subject matter jurisdiction, and in denying the plaintiffs' motion to amend their complaint.

We affirm the grant of the defendants' motion to dismiss, vacate the court's denial of the plaintiffs' motion to amend their complaint, and remand for further proceedings consistent with this opinion.

## I. Factual Background

We draw the following facts from the trial court's order, supplementing as necessary from other documents in the record. On November 14, 2018, an application was submitted on behalf of TYBX3, LLC, to develop a vacant lot. The application proposed the construction of condominium storage units for the purpose of storing large "toys," such as boats, snowmobiles, and motorcycles. The Town's planning board approved the application on May 8, 2019.

On June 8, the plaintiffs electronically filed in the trial court their appeal of the planning board's decision. The defendants moved to dismiss the plaintiffs' claims, arguing that the trial court lacked subject matter jurisdiction to hear the complaint as it was not timely filed. Specifically, the defendants argued that the plaintiffs missed the 30-day deadline imposed by RSA 677:15, I, to file an appeal of a planning board's decision. RSA 677:15, I (2016). While the defendants' motion to dismiss was pending, the plaintiffs moved to amend their complaint, this time seeking a declaratory judgment challenging the planning board's decision.

The trial court found that the plaintiffs did not bring their action within the 30-day deadline set forth in RSA 677:15, I, divesting the trial court of subject matter jurisdiction over the appeal. The trial court ruled that it also lacked subject matter jurisdiction to rule on the plaintiffs' motion to amend. The plaintiffs unsuccessfully moved to reconsider, and this appeal followed.

## II. Motion to Dismiss

Generally, in ruling upon a motion to dismiss, the trial court must determine whether the allegations contained in the plaintiffs' pleadings sufficiently establish a basis upon which relief may be granted. Provencher v. Buzzell-Plourde Assoc., 142 N.H. 848, 852-53 (1998). In making this determination, the court would normally accept all facts pleaded by the plaintiffs as true and view those facts in the light most favorable to the plaintiffs. Atwater v. Town of Plainfield, 160 N.H. 503, 507 (2010). However, when the motion to dismiss does not challenge the sufficiency of the plaintiffs' legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiffs' unsubstantiated allegations and determine, based on the facts, whether the plaintiffs have sufficiently demonstrated their right to claim relief. Id. An assertion that a claim should be dismissed because the trial court lacks jurisdiction to hear the claim is one such defense. Id.

On appeal, the plaintiffs first argue that they timely filed their appeal of the planning board's decision within the 30-day deadline RSA 677:15, I, imposes. To resolve the issues in this appeal requires that we engage in statutory interpretation. In matters of statutory interpretation, we are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. Great Traditions Home Builders v. O'Connor, 157 N.H. 387, 388 (2008). We first examine the language found in the statute, and, when possible, we ascribe the plain and ordinary meanings to the words used. Id. We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result. Appeal of Estate of Van Lunen, 145 N.H. 82, 86 (2000). Insofar as reasonably possible, we will construe the various statutory provisions harmoniously. Kierstead v. State Farm Fire & Cas. Co., 160 N.H. 681, 685 (2010). If the language of a statute is plain and unambiguous, we need not look beyond it for further indication of legislative intent. Bedford Chapter-Citizens for a Sound Economy v. Sch. Admin. Unit #25, 151 N.H. 612, 614 (2004). However, if the language is ambiguous or subject to more than one reasonable interpretation, we will examine legislative history. See Attorney General, Dir. of Charitable Trusts v. Loreto Publ'ns, 169 N.H. 68, 74 (2016).

New Hampshire law requires strict compliance with statutory time requirements for appeals of planning board decisions to the superior court, Prop. Portfolio Group v. Town of Derry, 154 N.H. 610, 613 (2006), because statutory compliance is a necessary prerequisite to establishing jurisdiction in the superior court. Id. RSA 677:15, I, provides the jurisdictional deadline for superior court review of a planning board decision. Id. It provides, in relevant part:

> Any persons aggrieved by any decision of the planning board concerning a plat or subdivision may present to the superior court a petition . . . . Such petition shall be presented to the court within 30 days after the date upon which the board voted to approve or disapprove the application . . . . The 30-day time period shall be counted in calendar days beginning with the date following the date upon which the planning board voted to approve or disapprove the application, in accordance with RSA 21:35.

RSA 677:15, I.

For its part, RSA 21:35 provides:

> I. Except where specifically stated to the contrary, when a period or limit of time is to be reckoned from a day or date, that day or date shall be excluded from and the day on which an act should occur shall be included in the computation of the period or limit of time.

II. If a statute specifies a date for filing documents or paying fees and the specified date falls on a Saturday, Sunday, or legal holiday, the document or fee shall be deemed timely filed if it is received by the next business day.

RSA 21:35 (2020).

The parties disagree as to the meaning of the phrase "[t]he 30-day time period shall be counted in calendar days beginning with the date following the date upon which the planning board voted to approve or disapprove the application, in accordance with RSA 21:35." RSA 677:15, I. The plaintiffs argue that, to give meaning to both parts of this phrase, requiring that the 30-day period begin with the date following that upon which the planning board voted "in accordance with RSA 21:35," the date after the planning board voted must be excluded from the 30-day count. To the plaintiffs, "in accordance with RSA 21:35" constitutes a directive to exclude from the 30-day count the date upon which the 30-day count begins (the day after the planning board voted). Thus, under the plaintiffs' interpretation, although the 30-day appeal period began to run on May 9 (the day after the planning board voted), that day must be excluded from the calculation of the 30-day period. Accordingly, to the plaintiffs, the 30-day period would have expired on June 8, but because June 8 was a Saturday, the period actually expired on Monday, June 10. See RSA 21:35, II. Therefore, they reason, their electronically-filed June 8 appeal was timely.

The defendants counter that the phrase "in accordance with RSA 21:35" is an explanation, rather than a directive. To the defendants, the phrase makes clear that beginning the 30-day period on the date after the planning board made its decision complies with RSA 21:35. Under the defendants' interpretation, the 30-day appeal period began to run on May 9 — the day after the planning board voted — and expired on June 7, rendering the plaintiffs' appeal filed the next day untimely.

Although both statutory interpretations are reasonable, we find the defendants' interpretation to be more consistent with the plain meaning of the pertinent statutes than the plaintiffs' interpretation. The plain meaning of "in accordance with" is "in agreement or harmony with; in conformity to." The Oxford English Dictionary 83 (2d ed. 1989). RSA 677:15, I, thus provides that counting the beginning of the 30-day appeal period on the date after the day of the planning board vote is "in agreement with" RSA 21:35, I.

RSA 21:35, I, provides a method for counting a time period that applies "[e]xcept where specifically stated to the contrary." According to the method in RSA 21:35, I, when a time period "is to be reckoned" from a certain date, that date is excluded from the computation of the time period. RSA 21:35, I. In

4

this context, the plain meaning of the word "reckoned" is "[t]o count or calculate from; to calculate or keep count of, in relation to some starting-point or base." The Oxford English Dictionary, supra at 335.

Under RSA 677:15, I, the fixed basis by which the appeal period is to be determined is the date of the planning board decision. Consistent with RSA 21:35, I, RSA 677:15, I, provides that that date is excluded from the computation of the 30-day appeal period. Computing the 30-day appeal period by excluding the day on which the planning board voted (the day of reckoning) is "in agreement with" RSA 21:35, I. The Oxford English Dictionary, supra at 83.

Had the legislature intended the phrase "in accordance with RSA 21:35" to be a directive, it would have so stated. The plaintiffs interpret the phrase "in accordance with RSA 21:35" to add an additional step to the calculation of the 30-day appeal period set forth in RSA 677:15, I. As they say, "The plain language of RSA 677:15, I provides that the time period shall begin the date after the date of the vote and further provides that the first day of the time period shall be excluded from the 30-day count, in accordance with RSA 21:35." (Emphasis added.) Or, as the plaintiffs explain in their reply brief, "[T]he 30-day appeal period shall be counted not from the date the Planning board voted, . . . but from the date following the date [the] Planning board voted, and shall be counted 'in a way that agrees with' the rule of RSA 21:35, which excludes the first day of the time period from the count." (Emphasis omitted.)

However, RSA 677:15, I, contains only one directive. It mandates only that the 30-day appeal period "begin[s] with the date following the date upon which the planning board voted to approve or disapprove the application, in accordance with RSA 21:35." RSA 677:15, I. The plaintiffs' construction requires that we add words to RSA 677:15, I, which the legislature did not see fit to include. This we may not do. See Appeal of Algonquin Gas Transmission, 170 N.H. 763, 770 (2018) ("We . . . will not consider what the legislature might have said or add language that the legislature did not see fit to include."). Thus, as the defendants argue, the 30-day appeal period in this case began to run on the day after the planning board voted (May 9) and expired on June 7, making the plaintiffs' June 8 appeal untimely.

In arguing for a contrary result, the plaintiffs assert that the "last antecedent rule" compels their construction of the two statutes. Under the rule, "[r]eferential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent." 2A Norman J. Singer & J.D. Shambie Singer, Statutes and Statutory Construction § 47.33, at 494 (7th rev. ed. 2014) (footnote omitted). "The last antecedent is the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence." Id. at 494-97 (quotation and footnote omitted); see Mt. Valley

5

Mall Assocs. v. Municipality of Conway, 144 N.H. 642, 652 (2000). However, the plaintiffs' last antecedent rule argument is based upon their assumption that they have correctly interpreted the meaning of the phrase "in accordance with RSA 21:35." As previously discussed, they have not done so.

The legislative history of RSA 677:15, I, supports our statutory construction. See Loreto Publ'ns, 169 N.H. at 74. House Bill 236 "change[d] the calculation of the period for filing a motion to rehear a zoning decision" under RSA 677:2 (2016) "or to appeal a planning board decision" under RSA 677:15, I, "to conform to the general rule for the state by excluding the date of decision from the calculation of the period." N.H.S. Jour. 765 (2005) (amended analysis). As amended by House Bill 236, RSA 677:2 read, in pertinent part: "This 30-day time period shall be counted in calendar days beginning with the date following the date upon which the board voted to approve or disapprove the application in accordance with RSA 21:35." Id. at 764; see Laws 2005, 105:1. House Bill 236 also added the following to RSA 677:15, I: "The 30-day time period shall be counted in calendar days beginning with the date following the date upon which the planning board voted to approve or disapprove the application, in accordance with RSA 21:35 . . . ." N.H.S. Jour. 765; see Laws 2005, 105:2. Thus, as amended by House Bill 236, both statutes referenced RSA 21:35 when explaining how to calculate the pertinent time period.

> The original purpose of House Bill 236 was to address the disparity between the treatment of motions to rehear a zoning decision and the general practices under state law. Specifically, the general rule of the state excludes the date of a decision from calculation of the period for filing a motion to rehear. This bill conforms zoning decision motions to the general state rule.

N.H.H.R. Jour. 156 (2005) (report of House Municipal and County Government Committee). The bill was intended to provide "that all appeals from zoning boards of adjustment will be taken within 30 days, the 30 day period being counted from the day after that on which the board makes its decision." N.H.S. Jour. 765 (2005) (remarks of Senator Burling). According to Senator Burling, following its amendment to include language pertaining to planning board appeals, the bill would "bring us, as a state, into the situation where ZBA decisions get counted from the day after. Planning board gets counted from the day after." Id.

Thus, in enacting the bill, the legislature sought clarity and uniformity regarding the time in which to ask for rehearing of a zoning board decision or to appeal a planning board decision. The legislative history shows that House Bill 236 intended to exclude only the date of the vote from the 30-day count, not the date after the vote. Therefore, our interpretation of RSA 677:15, I, is consistent with the above legislative history.

It is also consistent with our prior interpretation of RSA 677:2. See Bosonetto v. Town of Richmond, 163 N.H. 736, 742 (2012) ("[P]ursuant to the plain language of RSA 677:2, the thirty-day period began to run the day after the ZBA disapproved the application by a vote."). Based on our interpretation of RSA 677:15, I, and RSA 21:35, we hold that the trial court did not err in ruling that the plaintiffs' appeal of the planning board decision in this case was untimely.

III.  Motion to Amend

The plaintiffs next assert that the trial court erred when it ruled that it lacked subject matter jurisdiction over their motion to amend their complaint to add a request for a declaratory judgment. The trial court reasoned that it was compelled to deny their motion to amend because the original complaint was untimely filed. The court explained that, because "the filing [of the original complaint] was time-barred," it had "no jurisdiction to grant a motion to amend." Moreover, the court observed, there was no amendment "that could alter the dates on which the complaint was filed or the statutory mandates."

The plaintiffs argue that the court had jurisdiction to decide whether to allow them to amend their complaint. See Lamprey v. Britton Constr., 163 N.H. 252, 261 (2012). We agree.

The general rule in New Hampshire is that plaintiffs must be given leave to amend a complaint "to correct technical defects," Keshishian v. CMC Radiologists, 142 N.H. 168, 175 (1997), "before an adverse judgment has preclusive effect," ERG, Inc. v. Barnes, 137 N.H. 186, 189 (1993); see Super. Ct. R. 12(a)(1), (2). "Such a rule is consistent with modern rules of pleading and particularly with this State's liberal doctrine of amendment." Barnes, 137 N.H. at 189. Substantive amendments, such as those that "introduce[] an entirely new cause of action," Keshishian, 142 N.H. at 176, on the other hand, may be allowed "on such terms as justice may require," Super. Ct. R. 12(a)(3). The decision of the trial court to deny a motion to amend will not be overturned absent an unsustainable exercise of discretion. Lamprey, 163 N.H. at 251.

A dismissal for lack of jurisdiction is not a judgment on the merits and does not bar a subsequent action. See McAuliffe v. Colonial Imports, Inc., 116 N.H. 398, 399 (1976). Therefore, we conclude that "it would be a pointless formality" to require that, in order to plead a new claim over which the plaintiffs assert the trial court has subject matter jurisdiction, they must file a new, rather than an amended, complaint. U.S. ex rel. Gadbois v. Pharmerica Corp., 809 F.3d 1, 6 (1st Cir. 2015); cf. id. at 5 (observing that federal courts generally interpret Federal Rule of Civil Procedure 15(d), which allows parties to supplement pleadings, "to include defects in subject matter jurisdiction among the deficiencies that may be corrected through a supplemental pleading"). Accordingly, in keeping with our policy that favors deciding cases

7

on their merits, <u>see</u> <u>In re Proposed Rules of Civil Procedure</u>, 139 N.H. 512, 515-17 (1995), we hold that the trial court erred by deciding that it lacked jurisdiction to rule on the plaintiffs' motion to amend.

Because the trial court did not decide whether to allow the plaintiffs to amend their complaint, a decision committed to its sound discretion, we vacate the order denying the plaintiffs' motion to amend and remand for the trial court to decide, in the first instance, whether the plaintiffs' amended complaint may proceed. <u>See</u> <u>Pharmerica Corp.</u>, 809 F.3d at 6-8 (observing that, with regard to "discretionary amendments under [Federal] Rule [of Civil Procedure] 15(a), [the court has] emphasized the desirability of allowing the [trial] court to exercise discretion in the first instance"). We express no opinion as to the parties' arguments regarding whether the plaintiffs' amended complaint would cure the jurisdictional defect.

<u>Affirmed in part; vacated in part; and remanded</u>.

BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.